UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARY BUSSING, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Cause No: 1:20-cv-2142 |
| TYSON FOODS, INC and WAL-MART STORES EAST, LP | ) ) ) ) |
| Defendants. | ) |

## **PLAINTIFF'S COMPLAINT FOR DAMAGES**

Plaintiff, Mary Bussing, by counsel, for her cause of action against the Defendants, Tyson Foods, Inc. ("Tyson") and Wal-Mart Stores East, LP ("Walmart"), hereby states as follows:

## **PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, Mary Bussing, is a citizen of the State of Indiana, residing in Indianapolis, Indiana in Marion County.

2. Defendant Tyson Foods, Inc. ("Tyson") is incorporated under the laws of the State of Delaware, with its Corporate Office located at 2200 W. Don Tyson Parkway, Springdale, Arkansas, making it a citizen of Arkansas.

3. Defendant Tyson was a corporation doing business and selling/producing products in the State of Indiana.

4. Defendant Wal-Mart Stores East, LP ("Walmart") is incorporated under the laws of the State of Delaware, with its principal place of business at 708 SW 8th Street, Bentonville, Arkansas, making it a citizen of Arkansas.

5. Defendant Walmart did business in Indiana operating a Walmart Neighborhood Market (Facility #5804) located at 5835 W. 10th Street, Indianapolis, IN 46224 (hereinafter "Neighborhood Market").

6. Defendant Tyson sold its products at Defendant Walmart's Neighborhood Market.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## SUMMARY OF FACTS

8. On September 12, 2018, Plaintiff, Mary Bussing, purchased Tyson ground beef (hereinafter "the Food") from the Walmart Neighborhood Market.

9. On September 13, 2018, Plaintiff, Mary Bussing prepared the Food she had purchased the day before.

10. On September 15, 2018, following consumption of the food, Mary Bussing began having health issues and was admitted into the hospital the following day and remained there for six (6) days for medical treatment.

11. As a direct result of the Food manufactured/produced by Tyson and sold by Wal-Mart Plaintiff was diagnosed with sepsis secondary to colitis secondary to enterohemorrhagic Escherichia coli ("E-coli").

## COUNT I – STRICT LIABILITY OF TYSON FOODS, INC.

12. The Plaintiff reasserts, realleges, and incorporates paragraphs one (1) through eleven (11) herein by reference.

13. Defendant Tyson's Food contained E-coli at the time it was sold.

14. Defendant Tyson sold the Food in a defective condition unfit for consumption to its customer, Plaintiff, Mary Bussing.

15. Defendant Tyson's Food reached the consumer without substantial alteration from the time of production to the time it was sold.

16. Plaintiff, Mary Bussing, was in the class of persons that defendant Tyson should reasonably have foreseen as being subject to harm caused by the contaminated Food, and the Food was expected to and did reach the plaintiff, Mary Bussing.

17. Defendant Tyson is in the business of producing and selling meat and other food products, and was the producer/manufacturer of the Food.

18. As a direct and proximate result of the contaminated Food sold by defendant, Tyson, plaintiff, Mary Bussing, developed enterohemorrhagic Escherichia coli, sustained severe injuries, incurred medical expenses, lost wages, endured pain and suffering, and will continue to incur such losses in the future.

WHEREFORE, plaintiff, Mary Bussing, prays for judgment against defendant Tyson in an amount which will fully and fairly compensate plaintiff for her injuries and damages, for costs of this action, for interest as allowed by law, and for all other relief just and proper in the premises.

## **COUNT II – NEGLIGENCE OF DEFENDANT TYSON**

19. Plaintiff reasserts and realleges the information contained in rhetorical paragraphs one (1) through eighteen (18) and reincorporates them herein by reference.

20. Defendant Tyson, through its agents and employees, was careless and negligent in failing to ensure proper food safety practices were followed, with said negligence including, but not limited to, the following:

      a.      Failure to use reasonable care in handing its food products;

      b.      Selling food contaminated with E-coli;

      c.      Failing to use reasonable care in preparing its food products;

      d.      Failure to use reasonable care in packaging its food products; and

      e.      Failure to use reasonable care to inspect its food products to ensure that said food products were fit and safe for consumption.

21.    As a direct and proximate result of the negligence of defendant Tyson, plaintiff, Mary Bussing, sustained severe and permanent injuries, incurred medical expenses, lost wages, endured pain and suffering, and will continue to incur such losses in the future.

WHEREFORE, plaintiff, Mary Bussing, prays for judgment against defendant Tyson in an amount which will fully and fairly compensate plaintiff for her injuries and damages, for costs of this action, for interest as allowed by law, and for all other relief just and proper in the premises.

## COUNT III – NEGLIGENCE AND LIABILITY OF DEFENDANT WALMART

22.    Plaintiff reasserts and realleges rhetorical paragraphs one (1) through twenty-one (21) and reincorporates them herein by reference.

23.    Defendant Walmart sold contaminated food to customers, including Mary Bussing, at the Neighborhood Market.

24.    Defendant Walmart, through its agents and employees, was careless and negligent in failing to ensure proper food safety practices were followed, with said negligence including, but not limited to, the following:

      a.      Failure to use reasonable care in handing its food products sold at the Neighborhood Market;

   b. Selling food contaminated with E-coli;

   c. Failing to use reasonable care in the sale of food products;

   d. Failure to use reasonable care in refrigeration and preservation of its food products; and

   e. Failure to use reasonable care to inspect its food products to ensure that said food products were fit and safe for sale and consumption.

25. As a direct and proximate result of the negligence of defendant Walmart, plaintiff, Mary Bussing, sustained severe and permanent injuries, incurred medical expenses, lost wages, endured pain and suffering, and will continue to incur such losses in the future.

  WHEREFORE, plaintiff, Mary Bussing, demands judgment in her favor and against defendant Walmart in a fair and reasonable amount and for all other relief just and proper in the premises.

        Respectfully submitted,

        /s/ *Christopher G. Stevenson*
        Christopher G. Stevenson, #24689-49
        Wilson Kehoe Winingham LLC
        2859 North Meridian Street
        Indianapolis, IN 46208
        TEL: (317) 920-6400
        FAX: (317) 920-6405
        E-MAIL: cstevenson@wkw.com
        *Attorney for Plaintiff*